García, et al, Demandantes y Apelantes *v.* Rodríguez, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre *injunction.*

No. 1831.—Resuelto en abril 8, 1919.

Apelación—Cuestiones no Planteadas en la Corte Inferior—Regla General—Excepciones.—Como regla general es cierto que para que las cuestiones planteadas puedan aprovechar en apelación han de levantarse en la corte inferior, pero esta regla general no carece ni por mucho, de excepción, entre las cuales excepciones se hallan las cuestiones de la suficiencia de la demanda o de la prueba levantada por medio de una excepción previa general o mediante moción de *non suit,* en cuyos casos el apelante no está constreñido a la teoría bajo la que se presentó y se resolvió el caso en la corte inferior.

TRESPASS—SU DEFINICIÓN.—Comete un allanamiento de propiedad ajena (*trespass*) la persona que entra en terreno ajeno sin permiso y con perjuicio de su dueño; y así se ha dicho que "una persona que entra en terreno ajeno sin permiso para sacar su extraviado caballo y que rompe un tallo de yerba al entrar comete un allanamiento de propiedad ajena (*trespass*)."

TRESPASS — INJUNCTION PARA EVITAR TRESPASSES — CUÁNDO NO PROCEDE. — La mera intromisión en propiedad ajena sin permiso de su dueño, una o dos veces repetida, y aun cuando esté acompañada de alguna pequeña perturbación y daños nominales al dueño del terreno no justifica el recurso extraordinario de *injunction*.

POSESIÓN—INJUNCTION PARA AMPARAR O RESTITUIR AL POSEEDOR EN SU POSESIÓN—CUÁNDO PROCEDE Y CUÁNDO NO PROCEDE.—El artículo 448 del Código Civil y la historia de los antiguos interdictos basados en los principios que informan dicho precepto, son bastantes para sancionar en este país la moderna tendencia a ampliar más bien que restringir la clase de casos en que debe concederse un *injunction* para impedir la realización de una amenaza de allanamiento de propiedad ajena (*trespass*); pero no será procedente este recurso extraordinario cuando (como en el presente caso) ni siquiera aparece que se amenace con ulteriores repeticiones de meros actos de intromisión (*naked trespass*) ya cometidos, y las distintas incursiones cometidas han podido realizarse dentro de un período de dos o tres días consecutivos, o a horas distintas durante el mismo día con el propósito de medir la finca, o meramente para inspeccionar algún mojón o monumento, ni se demuestra que mediante el auto de *injunction* se evitaría una multiplicidad de procedimientos en lo futuro o un daño irreparable.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

Abogado del apelado: *Sres. Parra & Pérez Marchand.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La petición presentada en este caso concluye suplicando se dicte una orden disponiendo se restablezca a los peticionarios en la posesión de cierta finca y para que se abstengan los demandados de realizar en lo futuro actos de ocupación contra la voluntad de los peticionarios (*tresspass*).

Después de haber los peticionarios introducido su prueba los demandados presentaron una moción de sobreseimiento (*non suit*) por el fundamento de que los hechos establecidos no justificarían una sentencia en favor de los peticionarios con arreglo a la ley de 1913 autorizando la restauración de la posesión de bienes inmuebles mediante *injunction*. Entonces el abogado de los peticionarios expresó la creencia de

que esta corte, interpretando la ley de 1913, había sostenido el derecho a obtener un *injunction* por una mera perturbación del derecho de posesión sin que concurriese violento despojo.

En vista de esta manifestación la corte declaró sin lugar la moción de *non-suit pro forma* en la inteligencia de que si los peticionarios dentro del término de cinco días no presentaban la aludida sentencia de esta corte, se declararía con lugar la moción. La prueba del demandado fué entonces presentada sujeta a la misma reserva. No habiéndose encontrado la susodicha decisión ni por el abogado ni por la corte, se dictó sentencia *nunc pro tunc* declarando sin lugar la demanda por falta de prueba suficiente para sostener la petición con arreglo a la ley de 1913.

Insiste el apelante en que la corte erró—

"Primero, al estimar que no procede un *injunction* para amparar al poseedor en su posesión y evitar que continúe siendo perturbado;

"Segundo, al estimar que un *injunction* con este fin sólo puede solicitarse bajo la ley número 43 de 1913;

"Tercero, al estimar que el remedio fué pedido bajo la ley número 43 de 1913;

"Cuarto, al no adoptar, a falta de procedimiento especial determinado en la ley para amparar al poseedor perturbado, cualquier procedimiento adecuado, incluso el de "injunction," de acuerdo con los artículos 448 del Código Civil y 36 del Código de Enjuiciamiento Civil;

"Quinto, al conceder una moción de *non suit* por falta de pruebas, dándose al propio tiempo por probados los hechos esenciales de la demanda."

El argumento del apelado más bien que someter da por sentado que ante esta corte el apelante está constreñido a la teoría bajo la que se presentó y se resolvió el caso en la corte inferior. Los apelantes, por otro lado, descansan más en los hechos alegados en la petición que en los que resultaron de la prueba en el juicio, como se indica en la falsa premisa planteada bajo el quinto motivo de error, *supra.*

Es cierto que la regla por la que se exige que para que
las cuestiones planteadas puedan aprovechar en apelación han
de levantarse en la corte inferior, no carece ni por mucho
de excepción.   Por ejemplo:

"Si se declarase con lugar una excepción previa a una demanda
por el fundamento de que la misma no expone hechos suficientes para
constituir una causa de acción, o una moción de desestimiento (*dismiss*)
por el mismo fundamento al comienzo del juicio, que viene a ser la
misma cosa, la sentencia deberá revocarse en apelación si, admitidos
todos los hechos alegados, se expone una causa de acción cualquiera
que ella sea, ya se le haya o no llamado específicamente la atención
a la corte inferior.   Y cuando se dicta sentencia por sobreseimiento
(*non suit*) contra el demandante o cuando se desestima la demanda
al terminar el demandante con su prueba, toda cuestión que pueda
justamente levantarse por aparecer de autos puede alegarse en ape-
lación, no siendo de aplicación la regla de que una parte no puede
cambiar su teoría de la acción ejercitada en grado de apelación.''

En este caso, sin embargo, la corte de distrito no resol-
vió nada sobre la suficiencia de los hechos expuestos en la
petición, ora bajo la ley de 1913 o de cualquiera otra ley.
Concediendo, sin que lo resolvamos, que los hechos alegados
por los peticionarios pudieran considerarse como determi-
nantes de una causa de acción independientemente de la ley
de 1913 y que la corte erró al considerar la prueba pura-
mente desde el punto de vista de la ley últimamente men-
cionada, sin embargo, dada la altura a que se halla el caso
la única cuestión planteada es la de si los hechos estable-
cidos por los peticionarios en el acto del juicio, y no los que
se alegan en la petición, son o no suficientes a justificar la
expedición de un auto de *injunction* desde algún punto de
vista, y, por tanto, si ha lugar a que se revoque la senten-
cia recurrida.

Los únicos hechos que han sido sometidos a nuestra con-
sideración están contenidos en una convenida exposición que
adopta y sigue las conclusiones de hecho (*findings*) a que
llegó la corte inferior.   Quizás la plena narrativa de la prue-

ba hubiera podido ponernos en condiciones para suplementar estas conclusiones (*findings*), pero no podemos atenernos a la petición para ampliar la convenida exposición, ni podemos estar conformes con los apelantes de que la corte sentenciadora aceptó los hechos esenciales alegados.

La conclusión alcanzada por la prueba de los peticionarios es la de que "el demandado ha hecho incursiones en las fincas objeto de este pleito, diferentes veces" y que "no puede negarse que los peticionarios han sido molestados y quizás perjudicados con estas incursiones." Aun concediendo que pudiéramos, dadas las circunstancias de este caso, considerar la prueba de la defensa, la única circunstancia adicional que así salió a luz es la de que estas incursiones fueron hechas por el demandado creyéndose ser dueño.

Se ha dicho que "una persona que entra en terreno ajeno sin permiso para sacar su extraviado caballo y que rompe un tallo de yerba al entrar comete un allanamiento de propiedad ajena (*tresspass*);" pero tal intromisión no autorizada, una o dos veces repetida, aun cuando esté acompañada de alguna pequeña perturbación y daños nominales al dueño del terreno puede apenas decirse que justifica el que se recurra al remedio extraordinario de *injunction*.

"Todo poseedor tiene derecho a ser respetado en su posesión y, si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimiento establecen." Art. 448 del Código Civil.

Este precepto del estatuto y la historia de los interdictos mediante los cuales bajo el anterior procedimiento se aplicaron los principios que lo informan bastarían en este país para sancionar de no acelerar, la moderna tendencia a ampliar más bien que restringir la clase de casos en que intervendrán las cortes de equidad para impedir la realización de una amenaza de allanamiento de propiedad ajena (*tresspass*).

Pero en este caso ni siquiera aparece que se amenace con

ulteriores repeticiones de meros actos de intromisión (*naked trespass*) ya cometidos. Las distintas incursiones objeto de la petición han podido realizarse dentro de un período de dos o tres días consecutivos, o a horas distintas durante el mismo día, con el propósito de medir la finca, o meramente para inspeccionar algún mojón o monumento. En realidad de verdad, si tuviésemos la libertad de poder inferir alguna cosa, tal conclusión sería casi tan plausible como cualquiera otra que pudiera sacarse de las conclusiones de hecho. No se ha hecho insinuación alguna de una multiplicidad de pleitos en lo futuro, ni de ningún daño irreparable. La sola circunstancia de que el demandado se cree a sí mismo ser dueño de la finca que poseen los peticionarios no es incompatible con la teoría de que cualesquiera que hayan sido los propósitos que haya él tenido al entrar en la finca en diferentes ocasiones se han cumplido. Los apelantes no nos han citado ningún caso, ni lo conocemos nosotros, que llegue a sostener que puede expedirse un *injunction* para asegurar al dueño de una finca contra la posibilidad, por remota que sea, de que se realice en lo futuro algún allanamiento de propiedad (*trespass*).

Puede ser que con muy pocas circunstancias adicionales hubiera bastado para producir un diferente resultado en este caso, pero la vaga alusión de la corte sentenciadora a los actos cometidos por el demandado, y las consiguientes molestias y la concebible contingencia de que se haya causado algún daño no revela ningún fundamento sólido sobre el cual pueda basarse una revocación.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.