CALDERÓN, DEMANDANTE Y APELADA, v. REYES, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre confesoria de servidum-
bre.

No. 2495.—Resuelto en diciembre 14, 1922.

SERVIDUMBRE—CAMINO PÚBLICO—APELACIÓN—INCONGRUENCIA— OBJECIÓN — SOR-
PRESA.—No solamente se formula demasiado tarde una objeción en cuanto
a la existencia de una incongruencia más bien técnica que substancial entre
las alegaciones y la prueba, al hacerse por primera vez en apelación, sino que
si durante el curso del juicio una parte insiste en que ha sido sorprendida
o inducida a error, deberá establecer su alegación demostrando que está bien
fundada.

ID.—ID.—TEORÍA DEL CASO.—Que una parte no pueda celebrar el juicio de su
caso fundada en una teoría y ganar su apelación por virtud de otra, se ha
indicado en varios otros casos y es una cuestión demasiado elemental para que
requiera discusión o cita de autoridades.

Los hechos están expresados en la opinión.

.   Abogado del apelante: *Sr. C. García de la Noceda.*
Abogado de la apelada: *Sr. L. S. Vahamonde.* '

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

En este caso dedujo demanda la actora para probar la exis-
tencia desde tiempo inmemorial de una servidumbre como me-
dio de entrada y salida de la finca de dicha demandante y a
través de la finca del demandado.   En la demanda se alegaba
que ambas fincas eran segregaciones de otra finca de mayor ca-
bida, que en la escritura de la demandante no se hizo constar
ningún pacto o reserva que modifique o limite el uso y disfrute
de dicho anterior camino, su valor, y después de una admisión
voluntaria de la existencia de otro medio de salida distante,
la inconveniencia en usarlo por ser mayor el recorrido, siendo
casi doble la distancia comparada con el que se usa, la natu-
raleza abrupta del terreno, el río y riachuelos que hay que
atravesar y la condición intransitable del mismo en períodos
de lluvia.

En la contestación después de varias admisiones y nega-
tivas se alega como materia nueva, entre otros particulares,

que la demandante tiene otro medio de salir de su finca, o sea el camino público que no está ni a un metro. de distancia de la finca de la demandante.

Los hechos probados siguen en su orden general a las alegaciones de la demanda haciéndose referencia de paso a los artículos 571, 572 y 574 del Código Civil.

El apelante en su alegato sostiene que la corte sentenciadora cometió error al apreciar las pruebas y al aplicar la ley.

De un examen cuidadoso de los autos no consta semejante error tan manifiesto en los hechos probados que exija que se revoque la sentencia.

El motivo de queja del apelante es que existe una incongruencia que envuelve más o menos confusión en las declaraciones de ciertos testigos respecto a las colindancias en relación con los puntos cardinales, así como algunas discrepancias entre tales declaraciones y la descripción de las fincas que en la demanda se mencionan. Pero la incongruencia fué inmaterial y técnica más bien que substancial y no parece haberse levantado ningua cuestión en cuanto a esto en la corte inferior.

No sólo se formula muy tarde la objeción al levantarse por primera vez en apelación, sino que si aún en el curso de un juicio una parte insiste en haber sido sorprendida o inducida a error deberá probar su alegación demostrando de algún modo que en realidad está bien fundada. *Díaz Llenza et al.* v. *Rosado et al.*, 30 D. P. R. 515 y autoridades citadas.

También sostiene el apelante que la corte inferior procedió fundada en la teoría de una "servidumbre legal," de conformidad con los artículos del Código Civil citados por el juez sentenciador mas bien que en la prescripción adquisitiva que se ejercita principalmente en la demanda. Pero, como ya hemos indicado, el demandado no sólo no se opuso a la forma de la demanda sino que alegó como defensa afirmativa la existencia del camino público. Hubo cierta prueba para sostener

los hechos alegados en la demanda respecto a la conveniencia relativa de los dos medios de salida, y el demandado insistió en todo el juicio en la existencia de un camino público abierto nuevamente si bien dejó de probar en absoluto que era igualmente conveniente o utilizable como medio de salida. Varias veces se ha indicado en nuestras anteriores decisiones que una parte no puede celebrar el juicio de su caso basado en una teoría y ganar su apelación por virtud de otra, cuestión que es demasiado elemental para exigir una discusión más amplia o citas de autoridades.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.