AURELIO R. BAUZÁ, demandante y apelante, *v.* FELIPE COLÓN MEDINA, demandado y apelado.

No. 4308.—*Visto:* Abril 13, 1928.   *Resuelto:* Junio 20, 1928.

*R. V. Pérez Marchand,* abogado del apelante;   *F. Parra Capó* y *F. Parra Toro,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia en este caso el 2 de agosto de 1926 por la Corte de Distrito de Ponce declarando sin lugar la demanda con imposición de costas, desembolsos y honorarios

al demandante, éste apeló para ante la Corte Suprema. El 9 de diciembre siguiente la Corte Suprema desestimó el recurso a instancias del apelado, comunicando su resolución el 19 del propio mes. El 24 de diciembre, 1926, el demandante archivó su memorándum de costas. La parte contraria alegó que dicho memorándum estaba fuera de ley y procedía su desestimación: "(a) porque la sentencia dictada recayó en agosto 2, 1926, y fué firme el 2 de septiembre, 1926; (b) porque si bien la parte demandante radicó un escrito de apelación contra dicha sentencia, no hizo éste efectivo su recurso y el demandado pidió su desestimación cuando ya habían transcurrido más de sesenta días de radicado el escrito de apelación, y (c) porque la sentencia era definitiva en octubre 2 en todo caso, y el artículo 339 del Código de Enjuiciamiento Civil vigente exige que el memorándum de costas se radique dentro de los diez días de la sentencia final y este memorándum fué radicado en 24 de diciembre, 1926." La corte señaló un día para oír a las partes y éstas convinieron en someter el caso por los méritos del memorándum y de la oposición. Finalmente la corte dictó una resolución razonada que termina así:

"Por tanto la Corte desestima la oposición al memorándum de costas, hecha por el demandante, y declara con lugar dicho memorándum de costas, desembolsos y honorarios de abogados, por entender que las partidas consignadas en el mismo son exactas, que los desembolsos hechos han sido necesarios, y no son excesivos los honorarios de abogado reclamados; costas, desembolsos u honorarios de abogado, que deben de ser satisfechos por el demandante al demandado. y ascendentes a la suma de setecientos siete dollars setenta y cinco centavos."

Tres son los errores que señala el apelante:

Por el primero se sostiene que la corte erró al decidir que el memorándum se presentó en tiempo.

No tiene fundamento alguno. Es cierto que el memorándum no se presentó como exige la ley—artículo 339 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1917

—dentro de los diez días siguientes al vencimiento del término para apelar, pero lo es también que habiendo sido apelada la sentencia se archivó dentro de los diez días siguientes al aviso oficial de la resolución del Tribunal Supremo decidiendo el recurso, como la misma ley dispone.

El hecho de que la apelación se desestimara a gestión del apelado por haberla abandonado el apelante, no puede beneficiar a éste y perjudicar a aquél.

Una vez que el recurso se interpuso y formalizó quedaron suspendidos todos los procedimientos en relación con la sentencia con excepción de los que la misma ley expresa. Artículos 296, 297 y 298 del Código de Enjuiciamiento Civil. La jurisdicción pasó a la Corte Suprema y la desestimación decretada como se decretó sin perjuicio de otra apelación, produjo el efecto de que la sentencia apelada quedare firme. Artículo 304 del Código de Enjuiciamiento Civil.

Por el segundo error se sostiene que la corte no estuvo acertada al resolver que no eran excesivos los setecientos dólares reclamados como honorarios de abogado en un pleito que envolvía sólo el cobro de 1250 dólares.

La parte apelada citando la jurisprudencia establecida por esta corte en los casos de *García* v. *Rodríguez,* 27 D.P.R. 305, *Nadal* v. *Miranda,* 27 D.P.R. 323, *Cortijo* v. *Rosario,* 33 D.P.R. 431, *Silva* v. *Carbonell,* 35 D.P.R. 244, y *Calderón* v. *Reyes,* 31 D.P.R. 273, alega que una parte no puede celebrar el juicio de un caso fundada en una teoría y ganar su apelación por virtud de otra y en tal virtud que no habiendo la parte demandante impugnado los honorarios por excesivos en la corte de distrito, no puede hacerlo ahora en el Tribunal Supremo.

Realmente el demandante se limitó a pedir que la corte rechazara el memorándum por haberse presentado fuera de tiempo, pero la verdad es que la corte, que pudo hacerlo aunque no se levantara, por su propio acuerdo examinó y decidió la cuestión. Siendo ello así y tratándose como se trata

no de un pleito cuyo juicio puede celebrarse escogiendo una de las varias teorías que pueden seguirse, obligando así al demandado a defenderse dentro de ella sin darle la oportunidad de presentar las defensas que hubiera podido aducir si se hubiera seguido otra teoría, creemos que no es del todo aplicable la jurisprudencia invocada.

■ Ahora bien, ¿nos ha colocado la parte apelante en las mismas condiciones en que se encontraba la corte de distrito? De los autos sólo aparecen la demanda, la contestación y la sentencia. La demanda presenta un caso más complicado de lo que dice el apelante. No sólo se reclama el cumplimiento de un contrato que envuelve $1,250, si que también daños y perjuicios por valor de $600. Según la sentencia hubo juicio que se celebró durante los días 10 y 21 de mayo de 1926 y en el que ambas partes, que estuvieron representadas por los abogados Pérez Marchand y Parra Capó, presentaron prueba testifical y documental. Quizá sea excesiva la suma reclamada y concedida, pero no estamos en condiciones de resolverlo con los elementos que tenemos ante nos.

■ Por el tercer error se sostiene que la corte debió haber reservado al demandante su derecho a impugnar el memorándum por razón de la cuantía. No estamos conformes. La ley concede a la parte vencida una oportunidad y esa oportunidad es la que debe aprovechar para plantear todas esas defensas.

*Debe confirmarse la resolución apelada.*