TORRES, APELANTE, *v.* IRIZARRY, APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 876.—Resuelto en abril 8, 1913.

COSTAS—REGLAS DE PROCEDIMIENTO.—Las cuestiones sobre costas, desembolsos y honorarios de abogados están reguladas por el estatuto especial sobre la materia, y para resolverlas deben servir de guías sus disposiciones especiales y nó las generales del Código de Enjuiciamiento Civil, fuera de las que deben aplicarse como supletorias.

ID.—IMPUGNACIÓN AL MEMORANDUM DE COSTAS—PRUEBAS.—La ley de costas de marzo 12, 1908, no exige por modo imperativo que la parte con derecho al cobro de costas, desembolsos y honorarios de abogados, esté siempre en el deber de ofrecer y practicar prueba sobre todas y cada una de las partidas del *memorandum* cuando hubiere impugnación.

ID.—VERACIDAD DEL MEMORANDUM—PRESUNCIÓN.—Un *memorandum* jurado de costas tiene la presunción de que se ajusta a la verdad de los hechos y esta

corte no iría contra là apreciación del tribunal inferior al aprobar un *memorandum* de costas, al menos que se demuestre que dicha apreciación fué errónea.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

El apelado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito de Mayagüez por José Torres contra Juan Irizarry, presentó el demandado un *memorandum* jurado de costas y desembolsos que había de satisfacerle el demandante, comprensivo de cuatro partidas ascendentes a once dólares, a saber: cinco por honorarios al secretario de la corte, igual cantidad por indemnización a cinco testigos que declararon en el juicio, cincuenta centavos por honorarios del notario que recibió el juramento del *memorandum,* y otros cincuenta centavos por servir al demandante una copia de dicho *memorandum.*

El demandante Torres formuló por escrito impugnación a las dos primeras partidas del *memorandum* presentado, alegando que el demandado Irizarry no había gastado cinco dólares por honorarios al secretario, y que tampoco había desembolsado igual suma en concepto de indemnización a cinco testigos, pues en el juicio sólo declararon tres, sin derecho a indemnización alguna por ser vecinos de la ciudad de Mayagüez.

Señalado día para la discusión del *memorandum* de costas y desembolsos, compareció únicamente el abogado del demandado y sometió dicho *memorandum* a la consideración de la corte, la que por orden de 20 de mayo de 1912, resolvió que el demandado recobrara del demandante la suma total de $11 reclamada en el *memorandum* contra cuya orden interpuso la representación de José Torres recurso de apelación para ante esta Corte Suprema.

En apoyo del recurso alega la parte apelante que la corte inferior cometió error al aprobar el *memorandum* de costas

sin ofrecerse ni practicarse prueba alguna acerca de sus partidas, no obstante la impugnación de la parte contraria, habiendo estimado dichas partidas *prima facie* correctas por falta de prueba en contrario que sostuviera la impugnación.

Al resolver en 3 de mayo del año próximo pasado otro recurso de apelación interpuesto en el presente caso contra orden de la misma corte de Mayagüez, habiendo por desistido al demandante de su impugnación al *memorandum* de costas por no haber comparecido a sostenerla y aprobando dicho *memorandum*, cuya orden fué revocada, dijimos que aunque Torres era demandante en el juicio e Irizarry demandado, en la cuestión incidental de costas, el demandante propiamente es Irizarry que presentó el *memorandum* de costas y Torres el demandado que lo impugnaba; pero semejante afirmación no envuelve, como parece pretender el recurrente, la de que la impugnación de un *memorandum* de costas debe regularse por los mismos preceptos que el Código de Enjuiciamiento Civil señala para la tramitación de un juicio ordinario. Las cuestiones sobre costas, desembolsos y honorarios de abogados están reguladas por el estatuto que autoriza su cobro, y para resolverlas deben servir de guía sus disposiciones especiales y no las generales del Código de Enjuiciamiento Civil, fuera de las que deban aplicarse como supletorias.

Ahora bien, la ley para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil, aprobada en 12 de marzo de 1908, establece el procedimiento que debe seguirse para la reclamación de costas por la parte a la que hayan sido concedidas y preceptúa terminantemente que la veracidad del *memorandum* de costas, desembolsos y honorarios deberá ser jurada por la parte o su abogado. La parte contraria, según esa misma ley, podría impugnar todas o cualquiera de las partidas del *memorandum*, esa impugnación podrá ser contestada, y la corte después de celebrada la vista del asunto en el día señalado y de practicadas las pruebas pertinentes que las partes propongan, dictará su resolución.

Como se ve, no exige nuestro estatuto, por modo impe-

rativo, que la parte con derecho al cobro de costas, desembolsos y honorarios esté siempre en el deber de ofrecer y practicar prueba sobre todas y cada una de las partidas del *memorandum* cuando hubiere impugnación.

Esa prueba ordinariamente se encontrará en el mismo juicio en que se han originado las costas, el juez la tendrá a su vista y consideración al resolver el incidente sobre costas, y muchas veces no habrá necesidad de que se practique. La veracidad de las partidas del *memorandum* de costas tiene la garantía del juramento que lo acompaña, mientras que la impugnación no ofrece tal garantía.

Contrayéndonos al presente caso, del pleito en que se causaron las costas, podía resultar si el secretario había prestado servicios al demandado Irizarry y cuántos fueron los testigos que declararon o comparecieron a declarar en el juicio. La apreciación sobre los hechos de que se deriva el derecho al cobro de las partidas incluídas en el *memorandum* de costas, ha sido hecha por la corte inferior estimando correcto el *memorandum* de cuyo cobro se trata; y esta corte no puede ir contra esa apreciación por no habérsenos demostrado en forma alguna que sea errónea. Tiene a su favor el *memorandum* la presunción de que se ajusta a la verdad de los hechos y siendo ello así, surge, como consecuencia, el derecho al cobro de las diversas partidas que comprende. *Meyer* v. *City of San Diego,* 132 Cal., 35.

La orden recurrida debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.