Quintero et al., Demandantes y Apelantes, *v.* Morales,
Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 1ª., en un incidente sobre aprobación de memo-
randum de costas en una acción sobre entrega de bienes
y sus productos.

No. 1111.—Resuelto en abril 23, 1914.

Costas—Juramento Defectuoso del Memorándum—Cuestiones Planteadas
por Primera Vez en Apelación—Estoppel.—Los defectos del juramento de
un memorándum de costas consistentes en no dar fe el notario de que conoce
a la persona que jura, ni expresar el que toma el juramento con toda claridad
que es notario público, son defectos que no habiendo sido alegados en la corte
inferior está impedida la parte de alegarlos por primera vez en apelación.

ID.—HONORARIOS DE ABOGADO EXCESIVOS—TRANSCRIPCIÓN DE AUTOS DEFICIENTE—
FALTA DE BASE PARA APRECIAR LA CUANTÍA DE LOS HONORARIOS.—Una trans-
cripción de autos que sólo contiene el memorándum de costas y honorarios de
abogado, el escrito de impugnación, la resolución de la corte, el escrito de
apelación y la moción pidiendo la aprobación del memorándum, sin que por
ninguno de dichos documentos se pueda concluir cuáles fueron la cuantía
envuelta en el litigio, el número e importancia de las cuestiones suscitadas en
el mismo, el estudio hecho y el tiempo empleado por el abogado de la parte
que reclama los honorarios, etc., es insuficiente para que este tribunal pueda
apreciar si los honorarios aprobados por la corte sentenciadora son o no
excesivos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Ramón Falcón* y *Luis Freyre Barbosa.*

Abogados de la apelada: *Sres. Savage & Francis.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación contra una orden aprobatoria de un memorándum de costas y honorarios de abogado. La transcripción la forman los siguientes documentos: el memorándum, el escrito de impugnación, la resolución de la corte y el escrito de apelación. Luego, á instancias de la parte apelada, fué adicionada con copia certificada de la moción de la parte demandada y apelada, notificada a la parte demandante y apelante, pidiendo la aprobación del memorándum.

En su alegato los apelantes sostienen que no debió haberse aprobado el memorándum:

1°. Porque el juramento que aparece al pie del mismo no se ajusta a la Ley, "puesto que, si bien después de la firma de uno de los abogados de la demandada o sea del Sr. Savage, aparece la de 'Hugh R. Francis,' el otro abogado de la demandada, no se expresa el carácter con que estampó esa firma, pues si bien hay un sello de rentas internas y en él estampado otro en tinta sólo se ve este nombre 'Hugh R. Francis,' y en el juramento no se da fe de conocer a la persona que tal juramento prestaba," y

2.°. porque los honorarios cobrados son excesivos.

En su escrito de impugnación presentado en la corte de distrito, el apelante sólo mostró su inconformidad con la cantidad cobrada en concepto de honorarios por estimarla excesiva. Nada dijo con respecto a los defectos que a su juicio contiene el juramento. Tales defectos se han alegado por vez primera ante este Tribunal Supremo, y siendo ello así y no tratándose de errores fundamentales que anulen por completo el memorándum, debe estimarse que la parte demandante y apelante prescindió de ellos, encontrándose impedida de alegarlos ahora en esta apelación y ante este Tribunal Supremo.

"Errores que no han sido planteados en las alegaciones escritas ni alegados en el tribunal inferior, no pueden ser alegados por primera vez en grado de apelación." *Torres* v. *Lothrop,* 16 D. P. R., 180; *Torres* v. *Lothrop,* 231 U. S., 171

"La objeción de que un *affidavit* no demuestra que la persona ante quien se juró estaba autorizada para tomar dicha declaración, no se considerará por primera vez en la apelación." *Snell* v. *Eckerson,* 8 Iowa, 284; 2 Cyc., 31, cita final de la nota 73.

"No habiendo la parte contraria hecho objeción a la falta de o insuficiencia del sello de un notario en una certificación de protesta, la corte se negó a considerar esta objeción en la apelación bajo la teoría de que tal objeción había sido renunciada." *Donegan* v. *Wood,* 49 Ala., 242; 20 Am. Rep., 275; 29 Cyc., 1097, cita final de la nota 75.

Habiendo objetado la parte condenada en costas, en el acto de la vista en el tribunal sentenciador, que en el juramento del memorándum el funcionario que lo autorizaba no daba fe de conocer a la persona que lo prestaba, la corte concedió permiso para enmendar el juramento. Apelado el caso para ante este Tribunal Supremo, se resolvió que la corte de distrito estaba autorizada para permitir la enmienda. *Belaval* v. *Fajardo Sugar Growers' Association,* 18 D. P. R., 461.

La afirmación que se hace por la parte apelante en su primer señalamiento de error de que Hugh R. Francis era "el otro abogado de la parte demandada," no está sostenida por el récord. Del récord consta que el abogado de la parte demandada en la corte inferior lo fué J. R. Savage, y todo parece indicar que Hugh R. Francis sólo intervino en la corte inferior en su carácter de notario público para tomar el juramento que figura al pie del memorándum.

Examinemos el segundo error. Tal vez tenga razón la parte apelante; quizás sea en verdad excesiva la cantidad asignada como honorarios de abogado, pero la transcripción elevada a este Tribunal Supremo por dicha parte apelante es tan deficiente, que no tenemos base para resolver el caso de acuerdo con las circunstancias que hayan podido concurrir en el mismo. Notificado el memorándum a la parte demandante y apelante, ésta se limitó a impugnarlo, como hemos dicho, por excesivo, alegando que el único trabajo que había realizado el abogado de la parte demandada era el de presentar unas excepciones previas y asistir a la vista de las mismas; alegando además que la vista se celebró sin dificultad alguna por haber dejado de comparecer la parte demandante, y que las excepciones se declararon con lugar y se dictó sentencia favorable a la parte demandada.

Señalado día para la vista de la impugnación del memorándum, la parte demandante y apelante faltó en comparecer. La corte concedió los honorarios especificados en el memorándum y la parte condenada al pago de los mismos apeló para ante este tribunal, archivando la transcripción que hemos descrito anteriormente. Por la transcripción nada se puede concluir con respecto a la clase de demanda presentada, a la cuantía envuelta en el litigio, al número e importancia de las cuestiones suscitadas, al estudio que fuera necesario hacer para formular las excepciones, a las comparecencias de la parte demandada, al tiempo empleado por su abogado en la gestión del asunto, etc., etc.

Esta Corte Suprema, en el caso de *Torres* v. *Irizarry,* 19 D. P. R., 361, estableció la siguiente doctrina:

"Las cuestiones sobre costas, desembolsos y honorarios de abogados, están reguladas por el estatuto especial sobre la materia, y para resolverlas deben servir de guía sus disposiciones especiales y nó las generales del Código de Enjuiciamiento Civil, fuera de las que deban aplicarse como supletorias.

"La ley de costas de marzo 12, 1908, no exige por modo imperativo que la parte con derecho al cobro de costas, desembolsos y honorarios de abogados, esté siempre en el deber de ofrecer y practicar prueba sobre todas y cada una de las partidas del memorándum cuando hubiere impugnación.

"Un memorándum jurado de costas tiene la presunción de que se ajusta a la verdad de los hechos y esta corte no irá contra la apreciación del tribunal inferior al aprobar un memorándum de costas, a menos que se demuestre que dicha apreciación fué errónea."

Habiendo en consideración las resultancias del récord y haciendo aplicación de la anterior doctrina, debe declararse sin lugar el recurso y confirmarse la resolución apelada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.