GONZÁLEZ, DEMANDADO Y APELADO, *v.* COLLAZO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en procedimiento sobre aprobación de memorándum de costas en pleito sobre indemnización de daños y perjuicios.

No. 1599.—Resuelto en abril 17, 1917.

COSTAS Y DESEMBOLSOS — IMPUGNACIÓN AL MEMORÁNDUM — CONTESTACIÓN A LA IMPUGNACIÓN.—No exige el artículo 339 del Código de Enjuiciamiento Civil que la impugnación al memorándum de costas deba ser contestada dentro del término de cinco días que dicho artículo señala, pues éste claramente establece que en caso de una impugnación la parte contraria podrá contestarla, o como dice el texto inglés, *the adverse party may file his reply,* y siendo, por tanto, un derecho, puede ejercitarse o no, cuya falta de ejercicio nunca perjudicaría al que hace la impugnación.

ID.—HONORARIOS DE ABOGADO—PRUEBA SOBRE LAS PARTIDAS DEL MEMORÁNDUM.— Nuestro estatuto no exige por modo imperativo que la parte con derecho al cobro de costas, desembolsos y honorarios de abogado esté siempre en el deber de ofrecer y practicar prueba sobre todas y cada una de las partidas del memorándum cuando hubiere impugnación, porque esa prueba ordinariamente se encontrará en el mismo juicio en que se han originado las costas, y el juez la tendrá a su vista y consideración al resolver el incidente, no habiendo muchas veces necesidad de que se practique.

ID.—MEMORÁNDUM JURADO—PRESUNCIÓN.—El memorándum de costas tiene a su favor la garantía del juramento que lo acompaña y la presunción de que se ajusta a la verdad de los hechos, y cuando la corte inferior lo estima correcto no puede irse contra su apreciación a menos que se demuestre que fué errónea.

HONORARIOS DE ABOGADO: IMPUGNACIÓN POR INDEBIDOS Y EXCESIVOS—PRUEBA—
    DISCRECIÓN JUDICIAL.—A la parte que impugna por indebida y excesiva una
    partida de honorarios de abogado consignada en un memorándum jurado
    corresponde probar la impugnación, pues la mera inclusión de una suma por
    honorarios muestra *prima facie* que eran debidos, y no puede resolverse en
    apelación que sea excesiva, yendo contra la apreciación de la corte inferior
    cuando no se demuestra abuso de discreción.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Francis & Soto.*

Abogados del apelado: *Sres. Reichard & Reichard.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En pleito seguido ante la Corte de Distrito de Aguadilla por José Francisco González Segarra contra José Collazo Bracero sobre indemnización de daños y perjuicios, ascendentes a la suma de $780, se dictó sentencia en 14 de octubre de 1916 declarando con lugar la demanda y condenando al demandado al pago de la suma reclamada con sus intereses legales desde la fecha de la radicación de la demanda, costas, gastos y honorarios de abogado.

Presentó el abogado del demandante un memorándum de costas y desembolsos comprensivo de las siguientes partidas: Honorarios del secretario, $10; Indemnización de testigos, $15. Certificaciones registro ($2.20) y corte ($3), $5.20. Honorarios de abogado, $125. Total, $155.20. Y al calce de dicho memorándum se hizo constar por el abogado, bajo juramento, que las partidas en él consignadas eran exactas y que todos los desembolsos habían sido necesarios.

La representación del demandado impugnó el memorándum alegando que la suma de $125 por honorarios de abogado, además de ser indebida, era excesiva, y porque los demás gastos y desembolsos no habían sido hechos por el demandante y en caso de haberlo sido eran innecesarios y ajenos a la acción ejercitada.

Celebrada la vista correspondiente comparecieron ambas partes por medio de sus respectivos abogados, exponiendo cuanto estimaron conducente en apoyo de sus respectivas pre-

tensiones, y la corte, por resolución de 15 de noviembre de 1916, declaró sin lugar la impugnación y aprobó en todas sus partes el memorándum de costas, contra cuya resolución interpuso la representación del demandado recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como motivos del recurso que la corte cometió error al dictar la resolución apelada: 1°., porque el demandante no contestó la impugnación dentro de los cinco días de haber sido presentada según estaba en el deber de hacerlo con arreglo al artículo 339 del Código de Enjuiciamiento Civil, enmendado por una ley de 12 de marzo de 1908; 2°., porque el demandante debió presentar evidencia para acreditar las partidas del memorándum relativas a indemnizaciones de testigos y certificaciones, y 3°., porque el demandante no alegó y probó que la suma reclamada en concepto de honorarios fuera debida (*due*), como así lo exige el texto inglés del artículo 327 del Código de Enjuiciamiento Civil enmendado por la ley citada al disponer que en todos los casos en que las costas sean concedidas a una parte en una acción o procedimiento, si la materia litigiosa excede de $500, dicha parte tendrá derecho a recibir de la parte vencida el montante de los honorarios debidos al abogado de la parte vencedora.

No exige el artículo 339 del Código de Enjuiciamiento Civil que la impugnación al memorándum de costas deba ser contestada dentro del término de cinco días que dicho artículo señala, pues éste claramente establece que en caso de una impugnación la parte contraria podrá contestarla, o como dice el texto inglés, *the adverse party may file his reply,* y siendo por tanto un derecho puede ejercitarse o no, cuya falta de ejercicio nunca perjudicaría al que hace la impugnación.

Por lo que atañe a las partidas de indemnizaciones de testigos y certificaciones, de las cuales, según alega el apelante, debió suministrar prueba el apelado, ya dijimos al resolver el caso de *Torres* v. *Irizarry,* 19 D. P. R. 361, cuya doctrina ratificamos en los casos de *Sucesión Collado* v. *Pérez et al.,* 19 D. P. R. 368, y *Finlay* v. *Fabián,* (pág. 52) que nuestro es-

tatuto no exige por modo imperativo que la parte con derecho al cobro de costas, desembolsos y honorarios de abogado esté siempre en el deber de ofrecer y practicar prueba sobre todas y cada una de las partidas del memorándum cuando hubiere impugnación; que esa prueba ordinariamente se encontrará en el mismo juicio en que se han originado las costas; que el juez la tendrá a su vista y consideración al resolver el incidente y que muchas veces no habrá necesidad de que se practique.

La Corte de Aguadilla, que tenía a su vista el pleito en que se originó el memorándum de costas, pudo tener conocimiento del número de testigos que declararon en el juicio y de las certificaciones, bien del registro, bien de la corte, que en él se presentaran. El memorándum de costas tiene además a su favor la garantía del juramento que lo acompaña y la presunción de que se ajusta a la verdad·de los hechos. La corte inferior lo estimó correcto y no podemos ir contra su apreciación por no habérsenos demostrado en forma alguna que sea errónea.

En cuanto a la partida de honorarios de abogado que se impugna por indebida y excesiva, a la parte opositora incumbía demostrar que eran indebidos tales honorarios, pues el abogado de la parte contraria había jurado que las partidas del memorándum eran exactas y la mera inclusión en dicho memorándum de la suma de $125 por honorarios de abogado muestra *prima facie* que éstos eran debidos. No podemos apreciar que fueran excesivos, yendo contra la apreciación de la Corte de Aguadilla, pues esa corte al fijarlos ejercitó su discreción y no se nos ha demostrado que abusara de ella.

Por las razones expuestas es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.