Ramírez, Demandante y Apelado, *v.* American Railroad Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización. Incidente sobre *memorandum* de costas.

No. 2116—Resuelto en marzo 12, 1920.

Memorandum de Costas—Prueba en Apoyo de la Partida de Indemnización de Testigos.—La corte de distrito no está obligada a escudriñar las notas taquigráficas, si bien tiene la facultad de hacerlo, para comprobar la distan-

cia recorrida por los testigos de la parte victoriosa para venir a la corte al objeto de regular la cuantía del desembolso por tal concepto; los hechos de que una corte de distrito puede tomar conocimiento con dicho objeto deben aparecer de los autos. Tal vez sería la mejor práctica para una parte probar los honorarios de los testigos mediante un *affidavit* específico unido o formando parte del *memorandum* de costas.

Sentencia con Costas—Honorarios de Abogado—Cuantía de los Honorarios.— De acuerdo con la doctrina establecida en el caso de *Brac* v. *Ojeda,* 27 D. P. R. 658, cuando se conceden costas, éstas comprenden necesariamente algunos honorarios de abogado, a menos que tales honorarios se excluyan expresamente al dictarse la sentencia; en otras palabras, si la corte de distrito cree que la parte victoriosa en la acción no tiene derecho a honorarios, pero sí a costas la sentencia debe expresarlo así; y una vez concedidas las costas en la sentencia sin excluirse los honorarios, la corte de distrito, de acuerdo con las prescripciones del artículo 327 del Código de Enjuiciamiento Civil, aun tiene discreción respecto a la cuantía de los honorarios que han de concederse a la parte victoriosa que represente el valor total de los servicios prestados por su abogado o una parte de esa suma.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. F. G. Pérez Almiroty* y *G. H. Moscoso.*

Abogado del apelado: *Sr. José Sabater.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Severiano Ramírez estableció una acción contra la American Railroad Company. La corte dictó sentencia a favor de la demandada con costas y ésta oportunamente presentó su *memorandum* de costas incluyendo $5 de honorarios del secretario, $3 por indemnización de testigos y $150 por honorarios de su abogado. La corte concedió a dicha demandada la suma de $5 como honorarios del secretario, pero nada concedió a dicha demandada por honorarios de abogado, concediendo solamente cincuenta centavos para cada uno de los dos testigos. Contra esta orden de la corte resolviendo su *memorandum* de costas la demandada interpuso recurso de apelación.

El primer error que alega la apelante es que la corte no debió haber rebajado la partida referente a indemnización de testigos de la suma de $1.50 a 50 centavos cada uno, puesto que dichos testigos habían venido a la corte de sitios dis-

tantes. Sostiene la apelante que de acuerdo con nuestra decisión en el caso de *González* v. *Collazo*, 25 D. P. R. 157, no estaba obligada a probar que los testigos venían de lugares lejanos pues estos hechos eran de conocimiento de la corte que podía haberlos comprobado por las notas taquigráficas.

Ahora bien, ya que la corte estuviera obligada a examinar las notas taquigráficas o si la parte que gana la acción está en la obligación de hacer constar en autos que dichos testigos venían de sitios distantes es una cuestión interesante. La Ley No. 15 de 1917 para enmendar el artículo 339 del Código de Enjuiciamiento Civil prescribe que "la corte señalará día para la vista del asunto (o sea el *memorandum* de costas), y celebrada ésta, practicándose en el acto las pruebas pertinentes que las partes propongan, dictará su resolución." Todo lo que se resuelve en el caso de *González* v. *Collazo,* es que la corte puede tomar conocimiento de sus autos al conceder honorarios de testigos, etc. Es una cuestión algo distinta, sin embargo, decir que la corte está obligada a escudriñar las notas taquigráficas. La corte probablemente tiene la facultad de hacerlo pero los hechos de que la corte puede tomar conocimiento deben aparecer en los autos.

Es evidente, sin embargo, que aunque la Corte de Distrito de Mayagüez puede haber tenido el derecho de examinar las notas taquigráficas, no tenemos nosotros tal derecho ni medios de determinar de los autos sometidos a nuestra consideración si los testigos venían o no de sitios distantes. La apelante solamente ha elevado a esta corte la sentencia, el *memorandum* de costas, la impugnación al mismo y la orden de la corte resolviendo dicho *memorandum.* Tal vez sería la mejor práctica para la parte probar los honorarios de sus testigos mediante un *affidavit* específico unido o formando parte de su *memorandum* de costas.

Con respecto a los $150 por honorarios de abogado, sostiene la apelante que los honorarios de abogado están nece-

săriamente comprendidos en la condena de costas y por tanto que debieron concederse dichos honorarios.

Los artículos 327 y 339 del Código de Enjuiciamiento Civil fueron enmendados en el año 1908, y enmendados otra vez separadamente en 1917. Estos son los dos artículos que han de considerarse y tal como fueron enmendados en el año 1917 prescriben lo siguiente:

"Artículo 327.—Las partes en acciones o procedimientos incluyendo el Pueblo de Puerto Rico tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben."

"En todos los casos en que se hayan concedido a una parte las costas en una ección o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta sección se entenderá que concede honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de lá parte, si la hubiere, contra quien se dictare sentencia." Ley No. 38, tomo 1, p. 207.

"Artículo 339.—Las costas se reclamarán por la parte a la cual hayan sido concedidas entregando al secretario de la corte en que se hubiere dictado sentencia en primera instancia un memorándum de dichas costas, de los desembolsos necesariamente hechos por el reclamante en el pleito y del montante de los honorarios de su letrado, la veracidad del cual memorándum deberá ser jurada por la parte o su abogado; y la entrega de dicho memorándum se hará dentro de los diez días siguientes al en que haya vencido el término para apelar de la sentencia dictada en el caso de que no se hubiere apelado; si se hubiere apelado, la entrega se hará dentro de los diez días siguientes al en que se haya recibido en la corte sentenciadora en primera instancia aviso oficial de la resolución dictada en apelación en última instancia."

"A la parte condenada al pago deberá servírsele una copia de dicho memorándum por la que lo presenta, pudiendo aquella impugnar todas o cualesquiera de sus partidas dentro de los diez días

siguientes al en que se le haya entregado su copia. En caso de impugnación, la parte contraria, dentro de los cinco días siguientes al en que se le haya entregado la copia de aquella, podrá contestarla. La corte señalará día para la vista del asunto y celebrada ésta, practicándose en el acto las pruebas pertinentes que las partes propongan, dictará su resolución.

"Si se hubiesen impugnado los honorarios de un abogado por excesivos, la corte, al resolver la impugnación, si la declara con lugar, fijará el montante de aquellos que deben ser pagados."

"Contra las resoluciones de la corte resolviendo impugnaciones hechas a un memorándum de costas podrá apelarse por la parte o por su abogado."

"Cuando no se hubiese impugnado en tiempo un memorándum de costas, o cuando hecha la impugnación el tribunal hubiere dictado resolución definitiva en el asunto, y no se hubiere interpuesto recurso contra la misma o, en caso de haberse interpuesto, se dictara sentencia definitiva de acuerdo con la resolución de dicho recurso, deberá la parte condenada al pago consignar su montante en la secretaría de dicha corte dentro de los cinco días siguientes a la notificación que por el secretario se le haga con tal fin."

"Si así no lo hiciese se librará orden de ejecución en la misma forma que para la de una sentencia; *Disponiéndose,* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogado se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento."    Ley No. 15, tomo 2, p. 229.

Con estas dos leyes ante nuestra consideración resolvimos en el caso de *Brac* v. *R. Ojeda,* 27 D. P. R. 658, que la condena de costas en una sentencia comprendía necesariamente los honorarios de abogado. Esta parece ser la conclusión particularmente en vista del texto del artículo 327, donde se prescribe que en los casos en que se hayan concedido costas, la parte con derecho a ellas recibirá de la parte vencida el valor de los servicios de su abogado, étc. y a la vez del "Disponiéndose" inserto en el mismo párrafo. Y que las dos leyes están sujetas a esta interpretación aparece de otras palabras usadas en el artículo 339.

Sin embargo, se nos llama ahora la atención hacia el hecho

de que los dos artículos como fueron últimamente enmendados, si bien establecen algunos cambios, no revelan modificación alguna en las palabras esenciales a que nos hemos referido. El artículo 339 fué enmendado a fin de disponer que el momento oportuno para reclamar las costas y honorarios era durante el término en que la sentencia era firme. El artículo 327 quedó enmendado en el sentido de dar derecho a la parte victoriosa en la acción a los honorarios no solamente en los casos en que la sentencia era por una suma de $500 o más, sino en todos los casos.

En el caso de *Veve* v. *El Municipio de Fajardo,* 18 D. P. R. 764, fallado en junio 29 de 1912, habiendo sido dictada la sentencia por la corte inferior después de estar en vigor las enmiendas hechas a los artículos 327 y 339 en el año 1908, resolvimos que la concesión de honorarios, teniendo en cuenta el artículo 327 de la ley, tenía que mencionarse expresamente en la sentencia. Creímos entonces que el ejercicio de la discreción a que se refiere el artículo 327 debía desplegarse expresamente en la sentencia haciéndose una concesión específica de los honorarios, idea que quedó robustecida por el hecho de que en otras partes de los dos artículos los honorarios y costas se mencionaban separadamente.

Aunque tal vez pudiera hacerse alguna alegación para demostrar que con los cambios efectuados en la ley la Legislatura reveló de una manera más clara su intención de que las "costas" necesariamente comprendieran "los honorarios", nos encontramos, sin embargo, con que existe conflicto entre la sentencia dictada por esta corte en el caso de *Veve* v. *El Municipio de Fajardo* y la del caso de *Brac* v. *Ojeda.*

Originalmente la palabra "costas" estaba limitada en los Estados Unidos a las costas de la corte, sin comprender los honorarios de abogado, pero ahora se usa la palabra con fre-

cuencia indistintamente, o sea que la palabra "costas" comprende los honorarios, 15 C. J. 20, y parece que la hemos usado en un sentido algo parecido en el caso de *Vázquez* v. *Martínez,* 17 D. P. R. 1134. La palabra "costas" comprendía durante la soberanía española los honorarios de abogado como puede verse en la sentencia del Tribunal Supremo de España de julio 9 de 1888, donde se dijo que las costas y desembolsos comprendían los honorarios de abogado.

La mayoría de los jueces de esta corte se inclinan a tener la idea de que fué la intención de la Legislatura hacer que la palabra "costas" comprendiera los honorarios. La cuestión en sí no es importante para la jurisprudencia de esta corte y pueden encontrarse razones en uno u otro sentido. Que la corte que desea conceder honorarios debe hacer expresa mención de éstos en la sentencia o excluirlos expresamente en la condena de costas es una cuestión de práctica que solo requiere un poco de precaución por parte del juez y de los abogados. Todos los funcionarios de la corte pueden adaptarse fácilmente a la regla de práctica sentada por este tribunal. No hay envuelta ninguna cuestión de principio.

La importancia de nuestra conclusión resulta aún de más valor por el hecho de que desde nuestra sentencia de julio último un número de sentencias han sido necesariamente dictadas, cuyas sentencias mencionaban costas sin hacerse expresamente semejante mención de los honorarios, creándose así una especie de *stare decisis* por lo que el volver a nuestra anterior sentencia privaría necesariamente a un número de partes victoriosas de sus honorarios de abogado.

Y se robustece más el hecho de que fué la intención de la Legislatura incluir los honorarios de abogado en la condena de costas, por el hecho de que tanto en el caso de *Brac* v. *Ojeda, supra,* como en el de *López* v. *Lizardi,* sentencia de febrero 6, 1920,[1] las respectivas cortes de distrito interpretaron de tal modo los artículos 327 y 339, como fueron enmendados últimamente por la Legislatura.

---

[1] *Per curiam,* resuelto por los fundamentos del caso de *Brac* v. *Ojeda.*

No podemos decir, por los autos que tenemos ante Nos, si la Corte de Distrito de Mayagüez creyó que no tenía derecho a conceder honorarios cuando la sentencia no los incluía expresamente, o si estaba ejercitando su discreción al negarse a conceder tales honorarios. Sin embargo, somos de opinión, de acuerdo con el caso de *Brac* v. *Ojeda,* que cuando se conceden costas éstas comprenden necesariamente algunos honorarios, a menos que tales honorarios se excluyan expresamente al dictarse la sentencia; en otras palabras, si la corte de distrito cree que la parte victoriosa en la acción no tiene derecho a honorarios, pero sí a costas, la sentencia debe expresarlo así, "costas sin honorarios" u otras palabras por el estilo.

Una vez concedidas las costas en la sentencia sin excluirse los honorarios, la corte de distrito, de acuerdo con las prescripciones del artículo 327, aun tiene discreción respecto a la cuantía de los honorarios que han de concederse a la parte victoriosa que represente el valor total de los servicios prestados por su abogado o una parte de esa suma.

Por las razones anteriores hemos llegado a la conclusión de que la resolución de la corte de distrito debe ser confirmada en tanto por ella se limitan los honorarios de testigos y revocada en todo aquello en que dicha sentencia no concede honorarios de abogado, debiendo devolverse las actuaciones a la referida corte para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Confirmada la orden apelada en cuanto ordena*
> *que la demandada recobre la suma de seis*
> *dólares y revocada en cuanto no fija hono-*
> *rarios de abogado, devolviéndose el caso a*
> *la corte inferior.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.