MARÍA DEL CARMEN MORALES, demandante y apelante *v.* ESPERANZA CRUZ VÉLEZ, demandada y apelada.

No. 3989.—*Visto:* Enero 11, 1927. *Resuelto:* Enero 28, 1927.

1. COSTAS—FIJACIÓN—MEMORANDUM DE COSTAS—PRESENTACIÓN Y RADICACIÓN—RADICACIÓN PREMATURA—EN GENERAL.—La presentación de un memorándum de costas dentro de los diez días siguientes al aviso oficial de la sentencia del Supremo en la corte sentenciadora en primera instancia no habiéndose ordenado la suspensión de su ejecución por el Supremo, no es prematura.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES PRESENTADAS PARA REVISIÓN—REVISIÓN LIMITADA POR EL PROPIO RÉCORD—OMISIONES QUE IMPIDEN CONSIDERAR LAS CUESTIONES LAVANTADAS.—Cuando de los autos en apelación—en incidente sobre memorándum de costas—sólo aparece éste, el escrito de impugnación y el acta de la vista del incidente de la que sólo aparece el ofrecimiento y admisión de una certificación creditiva de haber sido apelada la sentencia del Supremo, no cabe resolver si la cantidad fijada por la corte inferior como honorarios es excesiva.

RESOLUCIÓN de *Charles E. Foote,* J. (Mayagüez), aprobando memorándum de costas. *Confirmada.*

*J. H. Brown* y *Clemente Ruiz Nazario,* abogados de la apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Confirmada por nosotros la sentencia dictada en este caso por la Corte de Distrito de Mayagüez que declaró sin lugar la demanda y comunicada oficialmente nuestra resolución a la corte inferior, dentro de los diez días siguientes a su recibo presentó la parte victoriosa su memorándum de costas en el que figura una partida de $10,000 por hono-

rarios de su abogado.   Se opuso la otra parte a que el memorándum fuese aprobado por ser prematuro por no haber vencido el término que tenía para apelar de nuestro fallo para ante la Corte de Distrito de Boston, presentando después certificación de haber interpuesto esa apelación y de haber constituído fianza de $300 para responder de las costas de esa apelación, pero la corte de distrito aprobó dicho memorándum aunque reduciendo a $3,000 la cantidad que debe ser pagada por honorarios de abogado.

Apelada esa resolución por la demandante alega como primer motivo de error la cuestión de que el memorándum de costas es prematuro.

[1] La Ley No. 15 de 19 de noviembre de 1917, que enmienda el artículo 339 del Código de Enjuiciamiento Civil, dispone lo siguiente:

"Las costas se reclamarán por la parte a la cual hayan sido concedidas, entregando al secretario de la Corte en que se hubiere dictado sentencia en primera instancia un memorándum de dichas costas, de los desembolsos necesariamente hechos por el reclamante en el pleito y del montante de los honorarios de su letrado, la veracidad del cual memorándum deberá ser jurada por la parte o su abogado; y la entrega de dicho memorándum se hará dentro de los diez días siguientes al en que haya vencido el término para apelar de la sentencia dictada en el caso de que no se hubiere apelado; si se hubiere apelado, la entrega se hará dentro de los diez días siguientes al en que se haya recibido en la corte sentenciadora en primera instancia aviso oficial de la resolución en apelación en última instancia."

En vista de ese precepto sostiene la apelante que como nuestros fallos pueden ser apelados en determinados casos a la Corte de Circuito de Boston, ésta es la última instancia en los pleitos, por lo que mientras no transcurra el término para establecer ese recurso hasta que se reciba en la corte de distrito la sentencia dictada en apelación por el tribunal de Boston no puede presentarse el memorándum de costas.

Antes de la ley de 1917 citada había que presentar el

memorándum de costas dentro de diez días de dictada su sentencia final por la corte de distrito, pero en vista de que resultaba inútil la presentación y aprobación del memorándum de costas cuando la sentencia era revocada en apelación, fué aprobada la ley citada para que no fuese presentado hasta haber transcurrido el término de apelación contra la sentencia de la corte de distrito y en caso de que fuese apelada hasta que se recibiese en la corte sentenciadora en primera instancia aviso oficial de la resolución dictada en apelación en última instancia. Y la última instancia es esta Corte Suprema porque los procedimientos que trataba de regular nuestra Legislatura eran los de las cortes insulares, pues carece de facultad para regular las apelaciones concedidas por leyes del Congreso de los Estados Unidos: porque a pesar de que se establezca apelación de nuestros fallos para ante la Corte de Circuito de Boston nuestras sentencias pueden ser cumplidas si no se obtiene de nosotros al interponerse la apelación o después una orden de suspensión (*supersedeas*) mediante prestación de fianza para garantizar los daños y perjuicios que tal suspensión pueda causar en caso de que la sentencia fuese confirmada; y porque no siendo apelables todas nuestras sentencias en asuntos civiles y pudiendo ser establecida si se presenta declaración jurada de que la cuantía del pleito es superior a $5,000 aunque ella no aparezca del pleito mismo, quedaría indeterminado en muchos casos si el asunto es apelable o no e incierto también el tiempo dentro del cual había de presentarse el memorándum de costas. Por lo expuesto entendemos que dicho memorándum debe ser presentado dentro de los diez días siguientes al aviso oficial de nuestra sentencia a la corte sentenciadora en primera instancia y que debe ser tramitado y ejecutado como parte de la sentencia mientras la ejecución de ella no sea suspendida por nosotros. En este caso, si bien ha sido apelada nuestra sentencia no hemos ordenado la suspensión de la

ejecución de la sentencia (*supersedeas*) y por tanto no fué prematura la presentación del memorándum de costas.

[2] El otro motivo de la apelación es por ser excesiva la cantidad de $3,000 fijada por la corte inferior como honorarios de abogado.

Quizá la cantidad concedida por honorarios de abogado sea excesiva pero como en los autos de esta apelación sólo encontramos el memorándum de costas, el escrito de la parte contraria impugnándolo y el acta de la vista de ese incidente de la que aparece solamente el ofrecimiento y admisión de una certificación creditiva de haber sido apelada nuestra sentencia presentándose una fianza de $300 para responder de las costas, no estamos en condiciones de declarar que dicha cantidad es excesiva porque no conocemos por estos autos la demanda y la contestación para poder apreciar la cuantía del pleito, si versaba solamente sobre cuestiones de hecho o si envolvía cuestiones de derecho importantes o difíciles; ni sabemos las sesiones que ocupó la celebración del juicio, todo lo que la corte apelada pudo conocer por el pleito mismo donde se cobran los honorarios y tener en cuenta para la fijación de la cantidad, según hemos declarado en el caso de *Bertrán* v. *Carrasquillo*, 29 D. P.R. 563; *Nicot* v. *Valdecilla*, 29 D.P.R. 519; *González* v. *Collazo*, 25 D.P.R. 157; *Torres* v. *Irizarry*, 19 D.P.R. 361; *Ramírez* v. *American Railroad Co.*, 28 D.P.R. 181, y *Quintero et al.* v. *Morales*, 20 D.P.R. 303.

*La resolución apelada debe ser confirmada.*