Luis Rubert Catalá, hoy su sucesión, demandante y apelante, *v.* Ignacio Cabo, demandado y apelado.

No. 6536.—*Sometido:* Noviembre 27, 1933. *Resuelto:* Diciembre 1, 1933.

*Luis Toro Cabañas,* abogado del apelante; *M. Acosta Velarde,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Confirmada por esta Corte Suprema en 19 de julio último la sentencia dictada en este caso por la Corte de Distrito de San Juan por la cual se declaró sin lugar la demanda con imposición de las costas al demandante, la confirmación fué comunicada a la corte de distrito el 31 del propio mes de julio. El 4 de agosto siguiente la parte victoriosa archivó su memorándum de costas que comprende doce partidas ascendentes a $1,748.95. Diez días después la parte vencida impugnó el memorándum, 1, por haberse radicado prematuramente; 2, por ser improcedente el cobro de $150 como honorarios de dos peritos que declararon en el juicio; 3, por no ser reembolsable el gasto de $75 que se dijo hecho en fotografías y un plano aportados como prueba, y 4, porque los $1,500 que se reclamaban como honorarios de abogado constituían una suma arbitraria, excesiva e irrazonable.

Oyó la corte sentenciadora a ambas partes, decidió que el memorándum se había radicado en tiempo, eliminó las partidas de $150 por honorarios a peritos y de $75 por fotografías y plano, redujo la de honorarios de abogado a $800, y, con esas modificaciones, aprobó el memorándum el 6 de octubre último.

No conforme el demandante apeló para ante esta Corte Suprema quedando radicada la transcripción de los autos el 14 de noviembre, 1933. El 17 la parte apelada pidió la desestimación del recurso celebrándose la vista de la moción el 27.

■ Tiene razón a nuestro juicio el apelado. Procede la desestimación y tratándose de un recurso claramente frívolo, el caso cae dentro de la regla establecida entre otros en los de *Schlüter* v. *Villafañe,* 41 D.P.R. 308 y *Banco Comercial* v. *Perales,* 38 D.P.R. 183, no siendo necesario esperar a los noventa días a que se refiere la sección 59 del Reglamento de esta corte para desestimarlo.

■ El memorándum se radicó en tiempo. En el caso de *Bauzá* v. *Colón Medina,* 38 D.P.R. 413, 414, dijo esta corte:

"Tres son los errores que señala el apelante:

"Por el primero se sostiene que la corte erró al decidir que el memorándum se presentó en tiempo.

"No tiene fundamento alguno. Es cierto que el memorándum no se presentó como exige la ley—artículo 339 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1917—dentro de los diez días siguientes al vencimiento del término para apelar, pero lo es también que habiendo sido apelada la sentencia se archivó dentro de los diez días siguientes al aviso oficial de la resoluión del Tribunal Supremo decidiendo el recurso, como la misma ley dispone."

Aquí la sentencia del Supremo confirmando la de la corte de distrito que condenó en costas al demandante se dictó, como se ha dicho, el 19 de julio, 1933, recibiéndose el mandato en la corte de distrito el 31 del propio mes y archivándose el memorándum el 4 de agosto siguiente, o sea dentro de los diez días de recibido el mandato. Véanse el artículo 339 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 15 de 1917, Leyes de 1917, Vol. II, p. 229, y los casos de *Morales* v. *Cruz Vélez*, 36 D.P.R. 197; *Royal Bank of Canada* v. *Goico*, 36 D.P.R. 89; *Noriega & Alvarez* v. *N. Y. & P. R. S. Co.*, 33 D.P.R. 557, y *Empresa Teatral Ponceña* v. *Municipio de Ponce et al.*, 30 D.P.R. 539.

No hay base para juzgar si los honorarios son o no excesivos. La transcripción elevada a los efectos de esta apelación no comprende los autos del pleito principal, y a juzgar por lo que dice el juez en la resolución de que se apela, estuvo justificado al fijar la suma que fijara. El pleito versó sobre división de comunidad de una finca urbana valorada en $20,000. Fué largo y complicado, y en el acto de la vista del memorándum las partes estipularon que el abogado del demandado Acosta Velarde declararía que además del trabajo profesional que resulta de los autos, hizo un estudio de las constancias del registro de la propiedad y de todas las inscripciones relacionadas con la finca en litigio según se detallan en la certificación presentada como prueba. Bajo esas circunstancias no es posible concluir que la Corte de

Distrito abusara de su discreción al fijar en ochocientos dólares los honorarios de abogado.

*Debe desestimarse, por frívolo, el recurso.*