MILTON ABEL SOTO, representado por su madre con patria potestad, ANA BERMÚDEZ, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, demandada. ANGEL RAFAEL TORO, interventor.

Núm. 1116.—*Sometido:* Noviembre 23, 1937. *Resuelto:* Enero 13, 1938.

*Eudaldo Báez García,* abogado del peticionario; *J. A. Surís Agrait,* abogado del interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Hallándose la corte en vacaciones, se presentó esta solicitud de *certiorari* por Milton Abel Soto, representado por su madre con patria potestad, Ana Bermúdez, dirigida en la siguiente forma: "Al Hon. Adolph G. Wolf, Juez Asociado del Tribunal Supremo en funciones de turno y a la Hon. Corte Suprema."

El juez de turno ordenó que se oyera a las partes el 26 de octubre último. En dicho día el peticionario se excusó de comparecer y archivó su alegato en apoyo de su petición y Angel Rafael Toro, la parte contraria en el pleito a que se refiere el *certiorari,* presentó una petición de intervención acompañada de una contestación. Al final de ésta pidió un término de diez días para radicar un alegato en apoyo de la decisión dictada por el Juez de la Corte de Distrito de Mayagüez. El juez de turno dió por celebrada la audiencia sin la asistencia de las partes y concedió permiso para intervenir a Angel Rafael Toro, asociándose a la demandada Corte de Distrito de Mayagüez, y al día siguiente tomando en consideración que la solicitud se dirigía también a la corte y que de concederse al interventor el término que solicitaba para alegato dicho término vencería después de haber comenzado a funcionar la corte, ordenó que se diese cuenta a ésta en su oportunidad.

Así se hizo y el 5 de noviembre, 1937, la Corte concedió al interventor hasta el 15 para presentar su alegato y hasta el 20 al peticionario para replicar, habiendo presentado ambas partes sus respectivas posiciones por escrito, quedando la solicitud debidamente sometida a la consideración de la corte el 23.

Los hechos, tales como surgen de la solicitud, son así:

Angel Rafael Toro, por medio de su abogado, demandó en la Corte Municipal de San Germán a Milton Abel Soto, menor de edad, representado por su madre con patria potestad sobre el mismo Ana Bermúdez, en cobro de ciento veinte y cinco dólares por daños y perjuicios que le causara como consecuencia de haber chocado en la carretera insular

núm. 2 de San Germán a Sabana Grande el 17 de marzo de 1935 un automóvil de servicio público propiedad del menor, guiado por su chófer Oscar Nazario con otro del demandante.

Emplazado el menor, asistido de su madre con patria potestad y por medio de su abogado, excepcionó la demanda por falta de hechos constitutivos de causa de acción. La excepción fué declarada sin lugar. . Contestó entonces haciendo una negación general y alegando como defensa especial "que el demandado sólo tenía dos o tres años de edad y que vivía en unión de su madre con patria potestad Ana Bermúdez, la cual era responsable de los actos de dicho demandado."

La corte municipal falló el pleito en contra del demandado. Apeló éste para ante la Corte de Distrito de Mayagüez que declaró sin lugar la excepción previa en diciembre 21, 1936, y celebrado el juicio en septiembre 14, 1937, dictó sentencia declarando la demanda con lugar en octubre 1º, 1937, sentencia que le fué notificada al demandado cuatro días después.

Así las cosas y no existiendo apelación para ante esta Corte Suprema por ser inferior a trescientos dólares la cuantía del litigio, el 14 de octubre, 1937, el dicho demandado radicó la presente solicitud de *certiorari* en la forma que dejamos indicada.

El solo hecho de que no existe apelación, no es suficiente para que pueda recurrirse al *certiorari* como cuestión de derecho. Tienen que concurrir además las otras circunstancias que la ley y la jurisprudencia exigen para la procedencia del recurso. No nos detendremos, sin embargo, a considerar si se trata o no aquí de una cuestión de jurisdicción, o de procedimiento o de injusticia notoria, y procederemos a estudiar y a resolver la cuestión planteada, a saber: si este caso se rige o no exclusivamente por el artículo 1803, párr. 2, del Código Civil (ed. de 1930), como sostiene el peticionario, esto es, si la responsabilidad exigida por el demandante corresponde a la madre y no al menor.

En efecto, el artículo 1803, en sus párrafos primero y segundo, prescribe:

"La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

"El padre, y por muerte o incapacidad de éste, la madre, son responsables de los perjuicios causados por los hijos menores de edad que viven en su compañía."

Habiendo antes dispuesto el 1802, lo que sigue:

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado."

No hay que esforzarse mucho para concluir que la responsabilidad de los padres lo es por los actos personales del hijo menor. Éste está bajo su custodia. Conocen ellos que su juicio no está aún formado y deben vigilarlo a fin de que no cause daño a otro. Si lo causa y no demuestran que para prevenir el daño emplearon toda la diligencia de buenos padres de familia, son responsables del mismo. *Nadal* v. *Miranda,* 27 D.P.R. 323; *Portalatín* v. *Noriega,* 33 D.P.R. 790; *Rodríguez* v. *Santos,* 40 D.P.R. 48.

Cuando no es el menor el que actúa personalmente si que es la propiedad del menor en administración, su capital material en producción, su agente actuando en su servicio el que causa el daño, como sucedió en este caso, una situación distinta surge y no son los padres directamente, sino el caudal del menor, él, el responsable. Entonces el aplicable no es el párrafo segundo del artículo 1803 en relación con el artículo 1802 del Código Civil (ed. de 1930), sino el párrafo cuarto de dicho precepto legal a saber:

"Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones."

Un menor no está impedido de poseer bienes que puedan consistir en empresas. Completada su personalidad en la

forma que la ley ordena, puede ser dueño como aquí lo era de un automóvil de servicio público que él no guíe sino que maneje por su agente, y si éste por acción u omision causa daño a otro interviniendo culpa o negligencia, el dueño no obstante ser menor es responsable en la forma y extensión que fijan los párrafos primero, cuarto y último del repetido artículo 1803 del Código Civil (ed. de 1930) exigiéndose en tal caso la responsabilidad de acuerdo con lo establecido por la ley procesal aplicable. Véase el artículo 93, núm. 3, del Código de Enjuiciamiento Civil.

*Por virtud de todo lo expuesto debe declararse no haber lugar a expedir el auto de certiorari.*

El Juez Asociado Señor Córdova Dávila no intervino.