JOSÉ A. PORTILLA, demandante y recurrido, *v.* NELSON WARD, JR., ET AL., demandados y recurrentes.

*Número:* 632  *Resuelto:* 19 de marzo de 1963

*Abelardo Ruiz-Suria,* abogado de los recurrentes; *Adán E. Montalvo,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: En el mes de marzo de 1957, el recurrido José A. Portilla, Jr., prestó un automóvil de su propiedad a Nelson Ward, Jr., joven de 20 años de edad y quien vivía en compañía de sus padres. Dicho vehículo lo pidió prestado Ward, Jr., para conducir a su señora madre al consultorio de un médico o a un hospital. Ward, Jr., tenía licencia de conductor y en épocas anteriores había trabajado con Portilla, Jr., habiendo usado en dos ocasiones el referido vehículo en gestiones de cobro de cuentas del negocio de Portilla.

El día que Ward, Jr., tomó prestado el vehículo según se ha explicado ya, sufrió un accidente debido a su culpa y negligencia resultando dicho vehículo completamente destrozado.

En reclamación de los daños sufridos, Portilla demandó a Ward, Jr., y a su padre Nelson Ward. Después de un juicio en los méritos el tribunal de instancia dictó sentencia condenando a los demandados a pagar solidariamente al demandante la suma de $2,700, más las costas y $200 para honorarios de abogado.

En este recurso sostienen los demandados que el tribunal sentenciador cometió error al imponerle responsabilidad al menor Ward, Jr., porque (a) entre dicho menor y Portilla existió un contrato de comodato y el comodatario no destinó el automóvil a un uso distinto de aquél para el que se le

prestó, y (b) que un menor no es responsable cuando incurre en actos de negligencia excontractual.

■ El tribunal a quo aplicó los Arts. 1802 y 1803 del Código Civil (31 L.P.R.A. secs. 5141 y 5142). No aplicó ninguno de los preceptos relacionados con el contrato de comodato. Tal contrato nunca se perfeccionó porque faltaba uno de los elementos esenciales de todo contrato como lo es el consentimiento. Art. 1213 del Código Civil, Ed. 1930. Ward, Jr., era un menor de edad, no emancipado y carecía de capacidad para consentir en dicho contrato. Art. 1215 del Código Civil.

■ El citado Art. 1802 del Código Civil (31 L.P.R.A. sec. 5141) impone la obligación de reparar el daño causado al que por acción u omisión causa daño a otro, interviniendo culpa o negligencia. El menor no está exento de tal obligación por la única razón de que su capacidad jurídica esté restringida. Véase *Soto* v. *Corte*, 52 D.P.R. 474.

■ Tampoco cometió error el tribunal a quo al condenar solidariamente a Nelson Ward a pagar los daños causados por su hijo. Consideramos que es correcta la siguiente conclusión de derecho, que al efecto formuló dicho tribunal.

"3. Bajo nuestra ley el demandado Nelson Ward tenía en contra suya una presunción de culpa por los actos dañosos que realizó su hijo, el codemandado Nelson Ward, Jr., al chocar negligentemente el vehículo que el demandante le había confiado. Portilla sólo tenía que probar que había sufrido el daño como consecuencia de la negligencia del menor y el hecho adicional de que éste vivía en compañía de sus padres. Todo ello fue probado a satisfacción del Tribunal. El demandado no aportó evidencia alguna, ni ésta se desprende de la ofrecida por el demandante, demostrativa de que el padre hubiese descargado adecuadamente su responsabilidad de vigilancia sobre su hijo menor. En consecuencia, la presunción que establece la ley no fue destruida, por lo que ambos demandados deben indemnizar al demandante. *Álvarez* v. *Irizarry*, 80 D.P.R. 63."

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior.*