NADAL, DEMANDANTE Y APELADA, *v.* MIRANDA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre daños y perjuicios.

No. 1884.—Resuelto en abril 25, 1919.

FILIACIÓN—PRUEBA DE FILIACIÓN—DAÑOS Y PERJUICIOS.—Cuando en una demanda reclamando daños y perjuicios se alega por la demandante la filiación legítima de cierto niño y en el juicio declara dicha demandante que tal niño era su hijo, sin que el demandado objecionara esta evidencia, la filiación así declarada tenía que ser la misma alegada en la demanda, si había de ser congruente la prueba con la alegación.

REGISTRO CIVIL—INSCRIPCIONES DE NACIMIENTO.—Cuando la declaración presentada para la inscripción del nacimiento de un niño en el Registro Civil carece de fecha y expresa que el niño nació en determinado día ''del año próximo pasado,'' se presume que ese año es el anterior al de la fecha de la inscripción.

EVIDENCIA—EXCEPCIONES—OBJECIONES QUE TOMARÁ EN CONSIDERACIÓN EL TRIBUNAL SUPREMO.—La Corte Suprema al resolver sobre excepciones a la admisión de evidencia sólo considerará las objeciones que hayan sido propuestas en la corte inferior, sin entrar a considerar aquellas objeciones alegadas por primera vez en apelación.

PRUEBA CONTRADICTORIA—APRECIACIÓN DE PRUEBAS—PASIÓN, PREJUICIO, PARCIALIDAD O MANIFIESTO ERROR.—Cuando hay conflicto en la prueba, el Tribunal Supremo no irá contra la apreciación que de la misma hizo el juez inferior, a menos que se demuestre que obrara influído por pasión, prejuicio o parcialidad, o con manifiesto error.

RESPONSABILIDAD DE LA MADRE RESPECTO DE DAÑOS CAUSADOS POR EL HIJO—DAÑOS Y PERJUICIOS—MENORES DE EDAD—SENTENCIA ERRÓNEA.—Según el artículo 1804 del Código Civil, el padre es responsable de los perjuicios causados por los hijos menores de edad que viven en su compañía, a menos que se pruebe que empleó toda la diligencia de un buen padre de familia para prevenir el daño, cuya prueba incumbe al padre. La responsabilidad de la madre sólo existe en caso de muerte o incapacidad del padre, y por tanto no puede ser condenada conjuntamente con éste, especialmente cuando no ha sido demandada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogados de la apelada: *Sres. Horton & Janer.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el presente caso Eduvigis Nadal, viuda de Bayron, reclama indemnización de daños y perjuicios a Juan Miranda por haber causado la muerte Rafael Miranda Carbó, hijo menor del demandado, a un hijo de la demandante nombrado Rafael Bayron Nadal, disparando contra éste voluntaria y negligentemente con una escopeta de cazar en el barrio de Sábalos del término municipal de Mayagüez.

El demandado al contestar la demanda, además de una negativa general de los hechos fundamentales de la misma, consignó como materia nueva de defensa que su hijo Rafael Miranda Carbó tenía independientemente de sus padres un establecimiento de pulpería que administraba por sí, y que en 6 de octubre de 1914, habiendo sido invitado por Rafael Bayron para cazar aves llevó una escopeta cargada de municiones que Rafael Bayron cogió en sus manos apuntando con ella aunque sin malicia hacia una joven, en cuyo momento el joven Miranda intentó quitársela de las manos a Bayron y en la lucha que ambos sostuvieron, Bayron por no soltar la escopeta y Miranda por quitársela, salió inesperadamente un tiro que hirió a Bayron causándole la muerte.

Celebrado el juicio la corte declaró probados los siguientes hechos:

I. Que Manuel Rafael Bayron y Nadal falleció el día 6 de octubre de 1914 en el barrio Sábalos de la ciudad de Mayagüez a consecuencia de una herida que le produjo en el ojo derecho Rafael Miranda Carbó con una escopeta de cazar, obrando Miranda con negligencia y temeridad.

II. Que la demandante Eduvigis Nadal era madre legítima de Manuel Rafael Bayron Nadal, y Rafael Miranda Carbó era menor de edad y vivía en compañía y bajo la patria potestad de su padre Juan Miranda el día 6 de octubre de 1914.

III. Que la demandante ha sufrido con la muerte de su hijo daños y perjuicios materiales que pueden computarse en la suma de $700.

Con tales hechos por base y haciendo aplicación del ar-

tículo 1804 del Código Civil, la corte dictó sentencia en abril 22, 1918, por la que ordena que la demandante obtenga y recobre de los demandados Juan Miranda y su esposa Lina Carbó, la suma de $700 más los gastos, costas, desembolsos y honorarios de abogado.

Contra esa sentencia interpuso la representación del demandado recurso de apelación para ante esta Corte Suprema y alega como motivos del recurso tres errores que consideraremos por el mismo orden en que han sido expuestos.

### PRIMER ERROR.

La corte erró al declarar probado que la demandante era madre legítima del fallecido Manuel Rafael Bayron.

La filiación legítima de Rafael Bayron con relación a su madre Eduvigis Nadal está suficientemente justificada en autos, pues Eduvigis Nadal alegó en su demanda jurada que era viuda del finado Mateo Bayron y que durante su matrimonio con Bayron tuvo un hijo llamado Rafael Bayron Nadal, y en el acto del juicio afirmó que Rafael Bayron Nadal era hijo suyo, cuya afirmación tendía a probar la filiación legítima alegada en la demanda y no fué objetada por la representación del demandado para que la demandante se colocara en condiciones de aducir otra prueba, ni tampoco se le hizo repregunta alguna para contradecir la filiación legítima.  La filiación declarada por el demandante tenía que ser la misma filiación legítima alegada en su demanda y no otra distinta si había de ser congruente la prueba con la alegación.

### SEGUNDO ERROR.

La corte erró al declarar probado que Rafael Miranda era menor de edad el 6 de octubre de 1914.

La parte demandante alegó en su demanda que el demandado en su matrimonio con Paulina Carbó tuvo un hijo legítimo que era menor de edad y vivía con su padre el 6 de octubre de 1914, y para demostrar esa minoría de edad pro-

dujo como prueba la partida de bautismo de Rafael Miranda, que dice así:

"En la ciudad de Mayagüez a las 9:30 de la mañana del día 9 de enero de 1895, ante don José A. Fernández, juez municipal suplente, y don Rafael Mangual y Delgado, secretario, compareció don Luis Rodríguez * * * presentando una declaración escrita firmada por don Juan Antonio Rodríguez * * * para la inscripción del nacimiento de un niño en el registro y al efecto como testigo del parto declara.—Que nació en la casa de don Juan Miranda el día 26 de diciembre del año próximo pasado a las 5 de la tarde.—Hijo legítimo de don Juan Miranda y de doña Paulina Carbó. * * * Y que llevará el nombre de Rafael.—Fueron testigos don Marcos Quintero y don Pedro Montoya.—Leída que fué se estampa en ella el sello del juzgado, la firma el Sr. Juez, el declarante y testigos, de que certifico: José A. Fernández.—Luis Rodríguez.—Marcos Quintero.—P. Montoya.—Rafael Mangual.''

El demandado se opuso a la admisión de esa evidencia "porque ella no demuestra la fecha del nacimiento del demandado, dado que la declaración de Luis Rodríguez ante el juez municipal, que portaba una declaración escrita por Juan Antonio Rodríguez, que es el que en realidad declara sobre el nacimiento de Rafael Miranda, no surte efecto legal alguno para poderse determinar la edad de Rafael Miranda ni la fecha de su nacimiento.''

El documento fué admitido en evidencia y el demandado tomó excepción.

Como se ve, el demandado no impugnó la autenticidad del documento y sólo lo arguyó de ineficaz para poder determinar la fecha del nacimiento de Rafael Miranda y consiguientemente su edad.

Del texto del documento no aparece ciertamente de un modo expreso cuál fuera la fecha de la declaración escrita firmada por Juan Antonio Rodríguez para venir en conocimiento de cuál fuera el *año próximo pasado* en que nació Rafael Miranda. Pero ese año próximo pasado tenía que ser el año de 1894 anterior al 1895 en que se verificó la inscripción, pues ésta tenía que hacerse a más tardar a los quince

días después del nacimiento del niño según el reglamento para la ejecución de la ley del registro civil entonces vigente, debiendo en caso contrario mediar orden de tribunal competente para que se verificara la inscripción. En el presente caso no medió orden alguna judicial para la inscripción del niño Rafael Miranda y, por tanto, hay la presunción de que se hizo dentro del término prevenido por la ley de registro civil y su reglamento. Carece, pues, de fundamento la oposición del demandado, pues el acta de nacimiento de Rafael Miranda demuestra que nació en 26 de diciembre de 1894, quedando así demostrada la alegación fundamental de la demanda de que Rafael Miranda era menor de edad en 6 de octubre de 1914.

Hemos examinado la excepción a la evidencia por la única razón que la sirve de base sin entrar en otras razones como la de nulidad de dicha acta alegada por primera vez ante esta Corte Suprema, pues ya hemos dicho repetidas veces que sólo consideraremos las excepciones a la admisión de prueba bajo la forma en que han sido propuestas y no en otra distinta, y la nulidad expresada no se alegó como razón de la excepción. *Surís* v. *Quiñones et al.*, 17 D. P. R. 646; *Rodríguez* v. *P. R. Ry. Light & Power Co.*, 19 D. P. R. 643; y *Del Rosario* v. *Rosaly*, de febrero 28, 1919, (pág. 105).

### TERCER ERROR.

La corte erró al declarar con lugar la demanda, por la razón de no haber suficiente prueba para ello.

La evidencia aportada al juicio por la parte demandante tiende a demostrar que Rafael Miranda, según afirma el juez en sus conclusiones de hecho, disparó negligente e imprudentemente contra Rafael Bayron con una escopeta de su propiedad, causándole la muerte, y aunque la evidencia del demandado consistente únicamente en la declaración de Rafael Miranda tiende a demostrar la materia nueva de defensa alegada en la contestación, el juez resolvió el conflicto de pruebas en sentido favorable a la demandante y no iremos con-

tra esa apreciación por no habérsenos demostrado que hubiera obrado influído por pasión, prejuicio o parcialidad, o con manifiesto error.

Rafael Miranda, joven menor de edad, causó la muerte a Rafael Bayron haciendo uso de un arma de fuego con negligencia y temeridad, y de ese daño es responsable su padre el demandado en cuya compañía vivía, por no haber demostrado que empleara toda la diligencia de un buen padre de familia para prevenir el daño.

Sostienen la anterior conclusión los artículos 1803 y 1804 del Código Civil que en la parte atinente dicen así:

"Art. 1803.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.

"Art. 1804.—La obligación que impone el artículo anterior es exigible no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

"El padre y, por muerte o incapacidad de éste, la madre, son responsables de los perjuicios causados por los hijos menores de edad que viven en su compañía. * * *

"La responsabilidad de que trata este artículo cesará cuando las personas en él mencionadas prueben que emplearon toda la diligencia de un buen padre de familia para prevenir el daño."

La verdadera razón de la responsabilidad del padre en un caso como el presente estriba en la falta de cuidado suficiente, vigilancia y disciplina de su parte en el ejercicio de la autoridad paterna y por eso el código exime de ella cuando prueba que empleó toda la diligencia de un buen padre de familia para prevenir el daño. Esa prueba que estaba a cargo del demandado no existe en el presente caso.

El apelante no ha llamado nuestra atención sobre el hecho de que no solamente él sino su esposa Paulina Carbó han sido condenados por la sentencia. El artículo 1804 que dejamos transcrito por modo expreso estatuye la responsabilidad de la madre por muerte o incapacidad del padre. Paulina Carbó no ha sido demandada. Habiendo error fun-

damental en la condena impuesta a Paulina Carbó, estamos en el deber de rectificar de oficio semejante error.

Es de confirmarse la sentencia apelada, pero entendiéndose que ésta afecta únicamente al demandado Juan Miranda.

> *Confirmada la sentencia apelada, pero modificada en el sentido de que la indemnización ordenada por dicha sentencia afecte únicamente al demandado Juan Miranda.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.