José Rodríguez, como defensor judicial de Pedro Rodríguez, demandante y apelante, *v.* Juan Santos, demandado y apelado.

No. 4713.—*Sometido:* Mayo 9, 1929. *Resuelto:* Julio 26, 1929.

*E. Martínez Avilés,* abogado del apelante; *Francisco M. Cadilla,* abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Ante la Corte de Distrito de Arecibo presentó José Rodríguez, como defensor judicial de Pedro Rodríguez, una demanda contra Juan Santos, en la que sustancialmente alegó que Agustín Santos, menor de 21 años, e hijo legítimo de Juan Santos, y bajo la potestad de éste, en 6 de abril de 1927 conducía un automóvil Ford, y en la carretera de Arecibo a Hatillo, atropelló con ese automóvil a Pedro Rodríguez, de cincuenta años, padre de familia a la que sostenía con el jornal de un dólar diario que ganaba, y le produjo heridas de gravedad, entre ellas la fractura del cráneo, por lo que Rodríguez ha tenido que recibir asistencia médica, y a consecuencia de las que quedó Pedro Rodríguez en estado de locura, y de permanente y total incapacidad; que esto se

debió a la negligencia de Agustín Santos en la conducción del automóvil; que Juan Santos tenía conocimiento de que su hijo Agustín se hallaba acostumbrado a proceder negligentemente en la conducción del automóvil; alegó los daños y su cuantía; y pidió la indemnización.

El demandado negó específicamente las alegaciones de la demanda; y como defensas especiales presentó la de que su hijo Agustín Santos, hace más de tres años que desertó de la casa paterna, y vive fuera de la autoridad y compañía del demandante, sin cuyo conocimiento obtuvo licencia para guiar automóviles; y sin que el demandado haya podido evitar que su hijo actúe como desee; y la de que Agustín Santos no había causado el daño alegado. Enmendó después esta contestación, aunque no encontramos esencialmente variación en la defensa.

Se oyó el caso por la corte, que dictó sentencia en 18 de mayo de 1928, declarando sin lugar la demanda. De la opinión que se une a la sentencia, copiamos el siguiente párrafo:

"En la vista del caso que tuvo lugar el día 9 de mayo de 1928 con asistencia de las partes y sus abogados, el demandante intentó probar que a la fecha del accidente el menor Agustín Santos vivía en compañía de su padre. No lo logró. El demandado, por el contrario, dejó claramente establecido que desde hace cuatro años su mencionado hijo Agustín no vive en su compañía y ha roto toda clase de relaciones filiales para con él, y que Agustín se ha negado a retornar al hogar a pesar de las diligencias personales que a ese efecto ha hecho el demandado y de las gestiones practicadas por amigos de éste a quienes se confió y practicaron tales gestiones. La prueba en ese sentido es enteramente convincente para esta Corte y que consistió en las manifestaciones, francas, terminantes y firmes de Agustín Santos, Juan Santos, Belén Santos, Remigio Martínez Badía y Arturo López, entre otros, de las que se viene en conclusión que hace cuatro años Agustín Santos, rebelde a toda autoridad, observaciones y consejos paternales, dejó el hogar de sus padres, se fué a vivir con su hermana Belén Santos, se dedicó al oficio de *chauffeur* del que hizo su *modus vivendi,* ha sufragado desde entonces sus propios gastos, y sólo en contadas ocasiones, como en la muerte de su madre y en el matrimonio de un hermano, se personó en la casa del demandado."

Apela de esa sentencia el demandante, y señala cuatro errores; dos de ellos con relación a la prueba, y los otros dos de interpretación de ley.

■ El primer señalamiento de error aparece formulado así:

"La corte cometió error al no interpretar el artículo 1804 en relación con el 223 del Código Civil."

Los artículos que se citan, dicen así:

"Art. 1804.—La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

"El padre y por muerte o incapacidad de éste, la madre, son responsables de los perjuicios causados por los hijos menores de edad que viven en su compañía.

"Los tutores lo son de los perjuicios causados por los menores o incapacitados que están bajo su autoridad y habitan en su compañía.

"Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en los que tuvieran empleados, o con ocasión de sus funciones.

"*        *        *        *        *        *        *

"Son, por último, responsables los maestros o directores de artes y oficios respecto a los perjuicios causados por sus alumnos o aprendices, mientras permanezcan bajo su custodia.

"Art. 223.—El padre y la madre tienen, respecto de sus hijos no emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho.

"2. La facultad de corregirlos y castigarlos moderadamente o de una manera razonable."

La parte apelante confunde las obligaciones que nacen de uno y otro artículo. Las del 1804, son, en general, con referencia a terceras personas; son de responsabilidad para con otros. Las del 223, son relaciones del orden paterno-filial, entre el genitor y su prole, y de orden familiar, en las que la sociedad organizada interviene solamente para el manteni-

miento y regulación de la institución "familia". En lo que afecta a la relación con los extraños a ese pequeño Estado, rige, en su especialidad, el artículo 1804. Pero el artículo 223 del Código Civil, no va más allá de las fronteras de la familia. El hijo puede exigir al padre o la madre que le tenga en su compañía si aquéllas voluntariamente no lo hicieren; pero eso es todo. Si el hijo voluntariamente abandona el hogar, ha roto esa compañía, y ha dejado a un lado la autoridad paterna, no puede exigirse al padre la responsabilidad de los actos del rebelde. En tanto responde el padre en cuanto se halla ejerciendo su autoridad sobre el hijo.

En este sentido la corte, con la materia de hecho por ella declarada, aplicó justa y prudentemente la ley. El hijo de que se trata, se ha puesto fuera del alcance de la autoridad del padre; actúa por su cuenta, vive por sí; y no encontramos cómo podría aplicarse aquí el principio de la responsabilidad por otro.

La parte apelante cita la autoridad de los tratadistas Manresa y M. Scaevola, en cuanto al deber de tener los hijos en la compañía del padre, y a que éste, si descuida ese deber y da ocasión a que el sometido a su guarda cause un daño, debe sufrir las consecuencias; y cita asimismo las decisiones de este Tribunal en los casos *Nadal* v. *Miranda,* 27 D.P.R. 325, y *Portalatín* v. *Noriega,* 37 D.P.R. 790.

En el caso *Nadal* v. *Miranda,* se estableció clara y concretamente que el menor Rafael Miranda Carbó vivía en compañía de su padre Juan Miranda en la época en que ocurrió el accidente. Un párrafo de la opinión (página 328, tomo 27 D.P.R.) dice así:

"Rafael Miranda, joven menor de edad, causó la muerte a Rafael Bayrón haciendo uso de un arma de fuego con negligencia y temeridad, y de ese daño es responsable su padre el demandado en cuya compañía vivía, por no haber demostrado que empleara toda la diligencia de un buen padre de familia para prevenir el daño.

En el caso *Portalatín* v. *Noriega, supra,* se trataba de un menor que se alegó vivía bajo la potestad, y en la compañía,

de su padre; éste alegó que había dado al hijo una educación conveniente, y que no consintió en que manejara vehículos de motor hasta que el gobierno le dió una licencia, previo examen. La excusa no fué tenida como bastante para la exención de responsabilidad.

Si apareciera que un padre había abandonado al menor, cabría la teoría de que su responsabilidad por los actos de éste no había cesado; ya que el abandono es de la culpa del padre, y las consecuencias son para ser sufridas por él. Pero ése no es el hecho en este litigio.

La ley habla de los hijos que vivan en compañía del padre; esto es, en términos lógicos, al alcance de su autoridad para reprimir, y de su consejo para dirigir. La ley no habla exclusivamente de los que estén bajo la potestad paterna; distinguiendo así entre el derecho, o deber, de la patria potestad en abstracto, y su ejercicio real y efectivo. Y por esa razón, un menor puede estar bajo la custodia de un maestro o director de artes u oficina, y de los perjuicios que cause ser responsable el maestro o director; o empleado por una empresa, y tener ésta responsabilidad por sus actos negligentes o de culpa. En cambio, en cuanto se refiere a los bienes, es de notar la disposición del artículo 225 del Código Civil que reputa, para todos los efectos relativos a esos bienes, como emancipado al hijo que, con consentimiento de los padres, viva independientemente de ellos. Y, sin duda alguna, la materia de contratación y disposición de bienes, es algo más seria y de mayor trascendencia que las obligaciones que nacen de culpa o negligencia.

El error de cuyo señalamiento se trata, no fué cometido.

██ Se ha señalado como error la apreciación que la corte hizo en cuanto a la prueba aducida para demostrar que Agustín Santos vivía en compañía de su padre.

La parte apelante reconoce que ha podido presentar mejor evidencia; pero confiaba en la presunción legal de que el hijo menor de edad vive en la compañía de su padre.

No se alega que el juez haya procedido influído por pasión,

prejuicio o parcialidad o que haya caído en manifiesto y grave error.

Verdaderamente, cuando se leen las declaraciones ofrecidas en el juicio, es difícil llegar a otra conclusión que la a que llegó la corte, en cuanto al extremo apuntado; y en esa conclusión no hubo error.

Por las mismas razones, y en la misma forma, debe decidirse, y se decide, en cuanto al tercer señalamiento de error, que se enuncia así por el apelante:

"La corte cometió error al apreciar là prueba del demandado para justificar que Agustín Santos no vive en compañía de su padre, el demandado."

Como cuarto error se señala el siguiente:

"La corte cometió error al dictar sentencia declarando sin lugar la demanda al resolver una simple cuestión de derecho dejando de resolver las demás cuestiones de hecho y de derecho planteadas."

La cuestión alegada por la corte, y resuelta acertadamente, es bastante para dejar terminado el caso. No es una simple cuestión, sino la capital y primera en el caso, o sea la de la responsabilidad. Resuelta en sentido adverso al demandante, todas las demás carecen de importancia.

*Por las razones expresadas, debe confirmarse la sentencia apelada.*