JUAN JOSÉ MÉNDEZ, menor representado por su padre con patria potestad, DEMETRIO MÉNDEZ, demandante y apelado, *v.* ANTONIO CASELLAS, demandado y apelante.

No. 5878.—*Sometido:* Enero 12, 1934. *Resuelto:* Septiembre 29, 1934.

*Lens & Susoni,* abogados del apelante; *F. M. Cadilla,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Arecibo resolvió que el menor Juan José Méndez tenía derecho a recobrar de Antonio Casellas

la suma de $400 por lesiones recibidas por dicho menor. La cuestión principal en este caso es si el demandado era responsable de los actos negligentes realizados por su hijo quien estaba claramente en posesión de un automóvil perteneciente al padre el día del accidente.

Hubo prueba durante el juicio tendente a demostrar que el demandado tenía un hijo de trece años de edad que frecuentemente tomaba un automóvil de su padre y lo guiaba por un camino vecinal de Utuado. Éste es un hecho incontrovertido en el caso. Mientras el padre se hallaba en la silla testifical declaró que el niño había usado frecuentemente el automóvil pero no con su permiso, y que él constantemente le prohibía a su hijo que guiara dicho automóvil.

La prueba del demandado tendió a demostrar que el día del accidente el padre le había quitado el distribuidor al motor del automóvil y que éste no podía caminar por su propia máquina; que su hijo y un número de sus amiguitos sacaron el automóvil del garage y lo empujaron por el camino que conduce a Utuado; que el demandante, el menor en este caso, trató de ayudar a los otros niños a empujar el vehículo; que entonces trató súbitamente de montarse en el estribo, o en otra parte del automóvil, y cayó al suelo.

La corte no creyó el testimonio del padre con respecto a la remoción del distribuidor. Tampoco creyó las manifestaciones de los testigos del demandado, quienes trataron de demostrar que el automóvil era empujado por los niños en vez de correr por su propia fuerza. Durante el juicio hubo amplia prueba de que el automóvil era conducido por el hijo, bajo el impulso de la gasolina.

La corte al resolver el caso en favor del demandante basó en parte su decisión en el hecho de que el hijo usaba el automóvil con conocimiento y consentimiento del padre. El elemento de consentimiento es negado por este último. No hallamos prueba positiva de que el padre en realidad prestara su consentimiento al uso del automóvil. Si el permiso para usar el automóvil formaba parte esencial del caso, quizá debió

aducirse prueba positiva a ese efecto. Por otra parte, hubo abundante prueba tendente a demostrar el conocimiento por parte del padre. El hijo no ocupó la silla de los testigos y este hecho hace surgir alguna presunción contra el demandado. Podría ser que bajo todas las circunstancias la corte estuviera justificada en llegar a la conclusión de que el hijo usaba el automóvil con permiso del padre.

Los artículos 1803 y 1804 del Código Civil disponen:

"Art. 1803.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.

"Art. 1804.—La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

"El padre y por muerte o incapacidad de éste, la madre, son responsables de los perjuicios causados por los hijos menores de edad que viven en su compañía.

"Los tutores lo son de los perjuicios causados por los menores o incapacitados que están bajo su autoridad y habitan en su compañía.

"Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en los que tuvieran empleados, o con ocasión de sus funciones.

"El Pueblo de Puerto Rico es responsable en este concepto cuando obra por mediación de un agente especial; pero no cuando el daño hubiese sido causado por el funcionario a quien propiamente corresponda la gestión practicada, en cuyo caso será aplicable lo dispuesto en el artículo anterior.

"Son, por último, responsables los maestros o directores de artes y oficios respecto a los perjuicios causados por sus alumnos o aprendices, mientras permanezcan bajo su custodia.

"La responsabilidad de que trata este artículo cesará cuando las personas en él mencionadas prueben que emplearon toda la diligencia de un buen padre de familia para prevenir el daño."

Por tanto, en este caso surge la cuestión de si el padre empleó toda la diligencia de un buen padre de familia para evitar el daño. El padre dijo que el automóvil fué puesto en un garage perteneciente al Sr. Martínez, y que había autocamiones en el mismo garage. Si el demandado en realidad

le hubiese quitado el distribuidor al automóvil de tal suerte que éste no pudiera caminar, él hubiera ejercido la diligencia de un buen padre de familia, pero la corte no creyó, y tuvo razones para no creer, tal aseveración.

No estamos del todo preparados para decir exactamente qué debe hacer un padre para impedir que un hijo menor de edad use su automóvil, pero es evidente que debe hacer algo. Hay varias formas en que un automóvil puede ser preparado a fin de impedir que éste camine por su propia fuerza. El encendedor automático o la batería pueden ser cerrados, puede ponerse una cadena a una rueda, y existen otras posibilidades. Incumbe al demandado demostrar que usó la diligencia de un buen padre de familia para evitar el daño. *Nadal v. Miranda*, 27 D.P.R. 323. No creemos, después de la decisión de la corte de distrito, que se cumplió con ese requisito.

*Debe confirmarse la sentencia.*